## THE PEOPLE *v.* SIMEON WALTERS, ON PETITION FOR A REHEARING.

JURISDICTION.—After a criminal case has been certified back to the district court, the supreme court has no longer any jurisdiction over it, but all necessary orders must be made by the court to which it has been certified.

*J. W. Huston and H. E. Prickett* for the appellant.

*George Ainslie* for the respondents.

Opinion by NOGGLE, C. J., LEWIS, J., concurring.

At the March term of the district court for Boise county the defendant, Simeon Walters, was tried by a jury for the crime of murder, and found guilty as charged in the indictment. The indictment contains five counts, charging the defendant with the willful murder of Joseph Bacon. Before the trial, the defendant moved to quash the indictment; his motion was overruled by the court and he excepted to the decision. He afterwards demurred to the indictment; the demurrer was overruled and he excepted as before.

It is unnecessary for us at this time to state the grounds of the motion or the causes of the demurrer. The defendant, among other things, then requested the court to appoint a reporter, whose duty it should be to fully report the trial of the case; the request was refused by the court; after which the cause was tried and the defendant was convicted, as before stated. After the jury returned into court with a verdict of " guilty as charged in the indictment," as aforesaid, the defendant moved the court to arrest the judg-

ment, which was likewise denied by the court, to which decision of the court the defendant excepted. The court afterwards, and during the same term, rendered judgment and pronounced the following sentence upon the defendant, viz.: "And the sentence of the law is, that you, Simeon Walters, are to be taken from hence to the prison from which you came, and from thence to the place of execution, and then on Wednesday, the twelfth day of May next, between the hours of twelve at noon and six o'clock in the afternoon, you are to be hanged by your neck until you are dead, and may God, whose laws you have broken, have mercy on your soul."

From the foregoing judgment the defendant appealed to the supreme court, and the case was sent here and entered upon the calendar of this court at the adjourned term in May, 1869, only a few days after the appeal had been taken, and as yet being of the January term, 1869. The case was accordingly submitted to this court (as the defendant claims, against his earnest request for further time), and the judgment of the district court was affirmed, and the district court directed to carry out the said sentence. The January term of the supreme court has not yet closed. A petition for a rehearing is presented. Under section 491 of the criminal practice act, on page 298 of the laws of this territory, enacted at the first session, the judgment of the supreme court was entered in the minutes, and a certified copy of the entry was forthwith remitted to the clerk of the court from which the appeal was taken. It is also enacted in the same act, section 493, that after the certificate of judgment has been remitted as provided in section 491, the appellate court shall have no further jurisdiction of the appeal or the proceedings thereon.

The case having been remitted, the power of this court over the case is at an end.

The petition, therefore, for a rehearing must be denied.

This court has no power to make a rule for its practice, either criminal or civil, in conflict with the statute. The rule of this court, therefore, providing for a practice in conflict with the foregoing statutes can have no effect.